IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LORETTA STEVENSON** | * |
| Plaintiff, | * |
| v. | *   Civil Case No. RWT-08-cv-1100 |
| **SUPERVALU INC.** d/b/a **SHOPPERS FOOD & PHARMACY** | * |
| Defendant. | * |

## MEMORANDUM OPINION

Plaintiff Loretta Stevenson alleges that, on the morning of September 29, 2006, she slipped on a puddle of water on the floor of Defendant Supervalu, Inc.'s store in Largo, Maryland. She alleges that, as a result of her fall, she suffered physical injuries and mental anguish valued at $200,000. Stevenson filed her complaint alleging negligence in the Circuit Court for Prince George's County, Maryland, and Supervalu removed the action to this Court on April 30, 2008. Pending before the Court is Supervalu's Motion for Summary Judgment, to which no opposition has been filed..

**I.**

Summary judgment is proper if there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986). The Court may only rely on facts supported in the record, not

simply assertions in the pleadings, in order to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v. Grave-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex*, 477 U.S. at 323–24). When ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all *justifiable* inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (emphasis added).

**II.**

Maryland law is unambiguous regarding the duty owed by a business owner to an invitee. Specifically, Maryland follows the Restatement (Second) of Torts § 343 (1965). *Maans v. Giant of Maryland*, 871 A.2d 627, 630 (Md. Ct. Spec. App. 2005) (citing *Deering Woods Condo. Ass'n v. Spoon*, 833 A.2d 17 (Md. 2003)). Section 343 provides that:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343. An invitee is "a person invited or permitted to enter or remain on another's property for purposes connected with or related to the owner's business . . . ." *Sherman v. Suburban Trust Co.*, 384 A.2d 76, 79 (Md. 1978). In order to recover, the invitee must show that the business owner created the hazardous condition that caused the invitee's harm *or* had actual or constructive notice of the condition prior to the accident. *Maans*, 871 A.2d at 627–28 (citing *Lexington Mkt. Auth. v. Zappala*, 197 A.2d 147 (Md. 1964)).

A business owner has constructive notice of a hazardous condition if the condition has been present long enough for him to detect it and take action to eliminate it. *Deering Woods*, 833 A.2d at 264 (citing *Moore v. American Stores Co.*, 182 A. 436, 440 (Md. 1936)). What constitutes sufficient time for detection will vary with the type of hazard, its foreseeable consequences, the

number of persons likely to be affected by it, the methods required to detect or prevent it, and the foresight a reasonable person would be expected to exercise under the circumstances. *See Moore*, 182 A. at 440. But, it is well-established under Maryland law that, "the proprietor of a store is not an insurer of the safety of his customers while they are on the premises . . . ," nor is the proprietor under any obligation to conduct a continuous inspection of the premises. *Moulden v. Greenbelt Consumer Servs.*, 210 A.2d 724, 725–26 (Md. 1965).

Here, Plaintiff has failed to meet her burden on summary judgment by rebutting the undisputed facts adduced by Defendant. First, Plaintiff offered no evidence that Supervalu caused the hazardous condition. The facts adduced in the record demonstrate that Plaintiff does not know what caused the puddle of water to appear on the floor. (Pl. Dep. 22:2–7.) Furthermore, she is unaware of any witnesses to the accident. (Pl. Dep. 27:9–28:19.) Her complaint does not even allege that Supervalu or its employees caused the spill, only that they failed to clean up the spill. (Compl. ¶ 9.)

Second, the factual record before the Court is devoid of any evidence that Supervalu had actual notice of the spill. Plaintiff's complaint and her deposition are devoid of any facts that support a finding that any Supervalu employee was aware of the puddle of water prior to her accident. (Compl. ¶¶ 9–11, Pl. Dep. 27:9–11.) Indeed, Plaintiff clearly states in her deposition that *no one* told her that they saw the water on the floor before she fell. (Pl. Dep. 27:9–11.)

Third and finally, Plaintiff's own testimony suggests that Supervalu was not on constructive notice as to the existence of the spill. Plaintiff states in her deposition that the spill was quite small, no more than two inches by four inches, and that there were no footprints or shopping cart tracks through the water. (Pl. Dep. 36:4–6.) This case is analogous to the *Maans* case, in which the plaintiff sued a grocery store for injuries sustained as a result of slipping on transparent liquid. *Maans*, 871 A.2d at 628–29. The *Maans* court held that the plaintiff was required to produce some evidence that the grocery store employees could have detected a spill of transparent liquid on reasonable inspection, but she had not offered any evidence that grocery store employees would

have had sufficient time to discover the transparent spill. *Id*. at 634. Specifically, the *Maans* court noted that even assuming, arguendo, that defendant had breached its duty to make reasonable inspections, there was no evidence that it would have discovered water in time to prevent the accident. *Id.* Furthermore, the absence of footprints or cart marks through the water suggests that the spill had only been there for a short time. Plaintiff's failure to produce any contradictory evidence indicating that the spill had been present long enough to be discovered is fatal to her case. *See Maans*, 871 A.2d at 634 (ruling against a plaintiff who failed to offer any evidence indicating that grocery store employees would have sufficient time to discover hazard created by spill). Similarly here, the small size of the spill and the transparency of water make it unlikely that even a reasonably cautious business owner exercising due care could have discovered the hazard.

Because Plaintiff's conclusory allegations are insufficient to create a genuine issue of material fact, the Court is required to prevent her fctually unsupported claim from proceeding to trial. *Felty*, 818 F.2d at 1128 (citing *Celotex*, 477 U.S. at 323–24).

## III.

For the foregoing reasons, the Court will, by separate order, grant Supervalu's Motion for Summary Judgment.

July 15, 2009                                                      /s/
                                                                              ROGER W. TITUS
                                                                              UNITED STATES DISTRICT JUDGE